IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JARROD GOINS

    Plaintiff,

v.

PARAGON INTEGRATED SERVICES GROUP LLC,
a Delaware limited liability company, and
SWN ENERGY SERVICES COMPANY, LLC
a Texas limited liability company,

    Defendants.

ELECTRONICALLY FILED
1/11/2022
U.S. DISTRICT COURT
Northern District of WV

Civil Action No.: 5:22-CV-7
Judge:  Bailey

## COMPLAINT

For his Complaint against the Defendants, Plaintiff Jarrod herein alleges:

### PARTIES

1. Plaintiff Jarrod is a resident and citizen of Wyoming County, West Virginia.

2. Defendant Paragon Integrated Services Group LLC ("Paragon ISG") is a Delaware limited liability company. Paragon ISG provides services related to the extraction of oil and gas in West Virginia, including drilling fluids, solids control and environmental services, and provided those services at SWN Energy Services Company, LLC's worksite near New Martinsville, West Virginia called SDC 41-WV (the "subject worksite"). As such, Paragon ISG is, and at all times relevant herein, was subject to, and responsible for compliance with, all applicable OSHA rules, regulations and statutes for workplace safety, West Virginia workplace safety rules, regulations, and statutes, and commonly accepted and well-known safety standards within the industry.

3. Defendant SWN Energy Services Company, LLC ("SWN") is, and at all times relevant was, the owner and operator of an oil and gas rig near New Martinsville, West Virginia called SDC 41-WV. As such, SWN is, and at all times relevant herein was, subject to, and

responsible for compliance with, all applicable OSHA rules, regulations and statutes for workplace safety, West Virginia workplace safety rules, regulations, and statutes, and commonly accepted and well-known safety standards within the industry.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and involves citizens of different states.

5. Venue is proper in the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. § 1391(a) as a substantial portion of the events giving rise to the claims herein took place in Wetzel County, West Virginia, which is within the judicial district of this Court.

## FACTS

6. On or about April 16, 2020, Mr. Goins became employed by BKD Consulting LLC ("BKD") as a Solids Control Specialist. At all relevant times, Mr. Goins was employed by BKD and did not have a contract of employment, whether express or implied, with either of Defendants. Likewise, BKD was responsible for procuring and maintaining workers compensation insurance for plaintiff.

7. As a Solids Control Specialist, Mr. Goins' job duties include operating a centrifuge which cleans the water from the gas well drilling process, as well as associated tasks with the centrifuge. At no time was Mr. Goins a mechanic, nor was he trained to safely perform maintenance work on centrifuges or other equipment on a rig.

8. Mr. Goins was assigned and directed by BKD to work on the subject worksite as a Solids Control Technician. Mr. Goins' work included the operation of centrifuges owned and operated by Paragon on the rig and jobsite ran by SWN.

9. On and prior to November 17, 2020, one of the centrifuges on the rig, owned by Paragon ISG, was not operating properly. Specifically, at some times the centrifuge's touch screen would be inactive, but the machine would be running; at other times, the touch screen would be active, but the machine would be off.

10. On November 17, 2020, Mr. Goins came on to work the day-shift at the subject worksite when he was advised by night shift that one of the centrifuges (the "subject centrifuge") was not operational. Mr. Goins was instructed by Paragon ISG's Brian Bradford to perform maintenance work on the subject centrifuge's gear box, despite Plaintiff not having been properly trained on any job safety or hazard analysis for his assigned task.

11. Mr. Goins was advised by Mr. Bradford that a properly trained mechanic would take approximately 4 hours to arrive. If the mechanic did not bring the proper parts, he would have to return to the shop to get those parts and the machine would be down for another 8 hours. Mr. Bradford told Mr. Goins that if this occurred, Paragon ISG would lose the contract and everyone would be out of a job.

12. At no time did Mr. Goins receive any training on how to safely perform this task, nor did he sign a job safety analysis or equivalent document showing that he was trained to perform this task.

13. Nonetheless, Mr. Goins began performing the work on the subject centrifuge as directed by Paragon's agent. While Mr. Goins had a pipe wrench secured to the subject centrifuge, the subject centrifuge unexpectedly and suddenly released energy, causing the subject centrifuge

motor to which Mr. Goins had secured the pipe wrench to move. As a result, Mr. Goins' hands, which were on the pipe wrench, were violently slammed into the side of the centrifuge.

14. As a direct and proximate result of the actions, omissions and conduct of the Defendants on and prior to November 17, 2020, Mr. Goins sustained severe and disabling injuries including, but not limited to, a partial traumatic metacarpophalangeal amputation of right index finger, displaced fracture of the middle phalanx of the right middle finger, partial traumatic transphalangeal amputation of the left ring finger, complete traumatic transphalangeal amputation of the right index finger, and crushing injuries to both hands and the left wrist.

15. Additionally, Mr. Goins has sustained the following past and future damages:

   a. extreme physical pain and suffering;

   b. extreme mental anguish and suffering;

   c. permanent physical impairment;

   d. loss of wages and benefits;

   e. loss of future earning capacity and benefits;

   f. loss of capacity to enjoy life;

   g. medical expenses past and future;

   h. annoyance and inconvenience; and,

   i. permanent scarring, disfigurement, and loss of range of motion.

## COUNT I
### (Negligence – Paragon ISG)

16. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint as if set forth herein verbatim.

17. Paragon ISG, as the owner of the subject centrifuge, had a duty to ensure that the subject centrifuge was maintained properly. Additionally, Paragon ISG owed BKD employees,

including Mr. Goins, a duty to provide a generally safe workplace while they worked on the subject worksite, including ensuring that BKD employees had the proper safety training and skills for the tasks they were undertaking.

18. Paragon ICG negligently, recklessly, willfully, and with wanton disregard of work safety breached its duties owed to Mr. Goins, an employee of BKD, through the following:

- Failing to maintain the subject centrifuge in proper working order;

- Failing to ensure that Mr. Goins received safety training for the task he was undertaking at the time of the incident;

- Failing to ensure that Mr. Goins was qualified and capable of performing the task he was performing at the time of the incident; and,

- Failing to develop and implement proper job safety analysis and hazard training for the work Mr. Goins was performing at the time of his injuries.

19. As a direct and proximate result of Paragon ICG's actions and omissions on and before November 17, 2020, Mr. Goins sustained severe and disabling injuries including, but not limited to, a partial traumatic metacarpophalangeal amputation of right index finger, displaced fracture of the middle phalanx of the right middle finger, partial traumatic transphalangeal amputation of the left ring finger, complete traumatic transphalangeal amputation of the right index finger, and crushing injuries to both hands and the left wrist, as well as other severe injuries as set forth herein.

**COUNT II**
**(Negligence – SWN)**

20. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 19 of this Complaint as if set forth herein verbatim.

21. SWN, as the owner/operator of the rig and subject jobsite, had authority over, and control of, the workplace and workplace safety under OSHA's multi-employer worksite protocol; therefore, SWN had a duty to provide a safe workplace for all workers on the subject premises.

This duty included a duty to ensure that all workers—including Mr. Goins—were equipped with the necessary safety training as well as to correct and eliminate any safety hazards present in the workplace.

22. SWN, through its agents, servants, representatives and/or employees, negligently breached its duty to Mr. Goins through the following:

- Failing to ensure that Mr. Goins received safety training for the task he was undertaking at the time of the incident;

- Failing to ensure that Mr. Goins was qualified and capable of performing the task he was performing at the time of the incident; and,

- Failing to develop and implement proper job safety analysis and hazard training for the work Mr. Goins was performing at the time of his injuries.

23. As a direct and proximate result of SWN's actions and omissions on and before November 17, 2020, Mr. Goins sustained severe and disabling injuries including, but not limited to, a partial traumatic metacarpophalangeal amputation of right index finger, displaced fracture of the middle phalanx of the right middle finger, partial traumatic transphalangeal amputation of the left ring finger, complete traumatic transphalangeal amputation of the right index finger, and crushing injuries to both hands and the left wrist, as well as other severe injuries as set forth herein.

## PUNITIVE DAMAGES

24. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 23 of this Complaint as if set forth herein verbatim.

25. The acts and omissions forming the basis of this Complaint demonstrate that Defendants had a conscious, reckless and outrageous indifference to the health, safety and welfare of the workers at the subject worksite—including Mr. Goins.

26.     Punitive damages are justified to punish Defendants for their reckless and outrageous indifference to Mr. Goins' safety, which resulted in severe injuries and deformities to Mr. Goins' hands.

27.     Punitive damages will serve to deter Defendants from continuing to defy basic safety standards, and from placing financial considerations ahead of basic minimal regard for human life, safety, and dignity, thus working to protect future workers and the community at large from such outrageous and indifferent conduct.

**WHEREFORE**, Plaintiff Jarrod Goins demands judgment against the Defendants for:

a.  an amount of compensatory damages determined by a jury according to the laws of the State of West Virginia;

b.  an amount of punitive damages determined by a jury according to the laws of the State of West Virginia;

c.  costs and attorney fees expended in prosecution of this matter;

d.  pre-judgment and post-judgment interest as provided under the law; and

e.  any and all other relief to which the Court deems plaintiffs are entitled.

**PLAINTIFF DEMAND A JURY TRIAL.**

                                              JARROD GOINS and ASHLEY GOINS,
                                              By Counsel,

/s/D. Blake Carter, Jr.
D. Blake Carter, Jr. (WVSB #9970)
David A. Bosak (WVSB #11947)
BAILEY, JAVINS & CARTER, L.C.
213 Hale Street
Charleston, West Virginia 25301
Phone: (304) 345-0346
Fax: (304) 720-9167
jrcarter@bjc4u.com
dbosak@bjc4u.com
*Counsel for Plaintiff*